**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIDWAN DJUNARDI WIDJAJA, | No. 10-71382 |
| Petitioner, | Agency No. A096-360-112 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Ridwan Djunardi Widjaja, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Widjaja established changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)(i). We lack jurisdiction to review Widjaja's claim that his acquisition of Western interests while living in the United States constitutes further changed circumstances because he failed to present this argument to the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Accordingly, his asylum claim fails.

Substantial evidence supports the BIA's finding that Widjaja's experiences in Indonesia, including being robbed and beaten on two occasions, do not rise to the level of past persecution. *See Wakkary*, 558 F.3d at 1060 ("We cannot say . . . that a reasonable factfinder would be compelled to conclude that these experiences, without more, cumulatively amount to past persecution.") (citations and internal quotations omitted). Further, substantial evidence supports the BIA's determination that, even as a member of a disfavored group, Widjaja has not established that it is more likely than not that he will be persecuted in Indonesia

2

because he has not demonstrated sufficient individualized risk. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant").

Finally, the BIA's determination that Widjaja was not eligible for CAT relief is also supported by substantial evidence because Widjaja did not establish that he is "more likely than not to be tortured" if he returns to Indonesia. *See* 8 C.F.R. § 1208.16(c)(4); *Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

3